IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05-cv-02086-EWN

DANIEL A. HEPNER, Chapter 7 Trustee
for the Will Hoover Company, and
JEANNE Y. JAGOW, Chapter 7 Trustee for
William Gordon Hoover, Jr.,

    Plaintiffs,

v.

UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF
COLORADO and
GUARANTY BANK & TRUST
COMPANY, a Banking Corporation, a/k/a
Guaranty Bank and Trust Company or
Guaranty Bank,

    Defendants.

ORDER

    This matter has come to the attention of the court on a bastard pleading styled "Certificate of Compliance with Local Rule 7.1A and Request for Consideration of Underlying Motions on the Merits" filed by the attorneys for the trustees on November 15, 2005. Counsel for the trustees are admonished to familiarize themselves with the federal and local rules. The federal rules do not recognize a pleading or paper styled "request." Rule 7(b) of the Federal Rules of Civil Procedure directs, "An application to the court for an order shall be by *motion*." (Emphasis

supplied.) The court's docket clerks (evidently somewhat more familiar with the rules than counsel) do not docket a "request" as a "motion" and it is not in the usual course called to the attention of the court. Equally important, the local rules' deadlines for the filing of a "response" are triggered by the filing of a "motion." Those deadlines may or may not be triggered by the filing of a "request," depending on whether opposing counsel correctly divines what the "request" really is.

Let it be understood that, at this procedural juncture, the motion to withdraw the reference has been denied. The motion for reconsideration of the court's refusal to withdraw the reference, as well as the sister motion asking this court to reconsider the bankruptcy court's ruling on a motion to dismiss, have both been denied — for counsel's failure to comply with local rule 7.1A. Those motions cannot be resurrected by an ambiguous "request," nor can such a "request" trigger an obligation to respond on the part of opposing parties. Accordingly, it is

ORDERED that the "request" (#11) be STRICKEN and that no party need respond to it.

Dated this 21st day of November, 2005.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge